### UNITED SHOE MACHINERY CO. v. GREENMAN.

(Circuit Court of Appeals, First Circuit. July 6, 1906.)

No. 627.

PATENTS—INFRINGEMENT—SHOE SEWING MACHINES.

The French patent, No. 561,386, for a device for heating the looper of a wax-thread shoe sewing machine makes an intermittent contact between the looper carrier and the heated block or plate an essential feature of the invention, by which it is distinguished from the prior art, and is not infringed by a device in which a constant contact is maintained between the two.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Elmer P. Howe and Benjamin Phillips, for appellant.

T. Hart Anderson, for appellee.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This suit is for infringement of letters patent No. 561,386, to Zachary T. French, dated June 2, 1896. The claim relates to means for heating the looper of a wax-thread shoe sewing machine:

"In a sewing machine, a block or plate heated by a fluid, and a looper and looper carrier, combined with means to move the said carrier to put it in contact intermittingly with the said heated block or plate, to thereby, in the operation of the machine, keep the looper heated to the proper degree, substantially as described."

The defendant's device is similar in the use of a heated block or plate to heat the looper carrier, but different in that there is no in-

termittent contact between the heated block and carrier. The defendant's heated block, instead of being held stationary in the path of the looper carrier, as in the complainant's device, follows the movements of the looper carrier, a spring support keeping the heated block constantly in contact with the looper carrier throughout the movement of the looper carrier. So far as practical results are concerned, the difference between the heating by an intermittent contact and by a constant contact does not seem important.

The complainant contends that the continuous contact in the defendant's machine is simply the intermittent contact of the patented device plus a useless continuation, which produces no new result, and that it is a mere colorable evasion of the terms of the claim.

While we recognize the force of this contention, when comparing the complainant's device and that of the defendant, we are nevertheless of the opinion that, in view of the specific character of the claim, it is impossible to hold the defendant's device an infringement without disregarding the following part of the claim: "combined with means to move the said carrier to put it in contact intermittingly with the said heated block or plate."

The complainant urges that the word "intermittingly" has no effect to distinguish the invention from the prior art. Even if this were so, we could not disregard a specific limitation, which is binding upon the patentee, even if not required by the state of the art. • It seems clear, however, that in the Patent Office the feature of an intermittent contact as distinguished from a constant contact was insisted upon by the patentee as a main feature of distinction from the prior art. The claim was rejected by the examiner for insufficiency of invention, in view of the state of the art. Upon appeal to the examiners in chief, it was urged by the complainant:

"The prime requisite definitely made vital in the above issue is: There must be a heated block or plate and a looper-carrier, and the looper-carrier must move into, and out of, direct contact [i. e., touching engagement] with the block or plate; and the looper-carrier must be properly and continuously heated by this intermittent contact with said heated block or plate. * * *

"The examiner does not base his rejection on any anticipatory device, but rejects it on the general state of the art, the said art being shown in nine patents, five of which are discussed in the examiner's statement. * * *

"A review of these nine patents of record shows that there is no suggestion of heating any part by 'intermittent contact' thereof with a heated block. * * *

"Again, each reference either has the heating means in constant contact with the part to be heated [as in Aldrich (2), Ashe, Garton], or it never at any time has the heating means in contact with the part to be heated [as in Wardwell (W14), 262, 160, and Brown (D), 498, 505.] * * *

"What is claimed is 'intermittent contact,' and this only, and this is precisely what is not shown, and what is novel."

The interpretation of the claim by the Circuit Court was substantially the interpretation for which the patentee contended in the Patent Office. We are of the opinion that this interpretation is correct, and that the defendant does not infringe.

The decree of the Circuit Court is affirmed, and the appellee recovers his costs of appeal.